# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>vs.<br><br><br><br>$20,000 IN U.S. CURRENCY,<br><br>                            Defendant. | CASE NO. 14cv1341-LAB (JLB)<br><br>**ORDER DENYING MOTION FOR STAY;**<br><br>**ORDER DENYING LEAVE TO FILE OVERSIZE REPLY BRIEF;**<br><br>**ORDER DENYING MOTION FOR LEAVE TO SUPPLEMENT THE RECORD;**<br><br>**ORDER REJECTING OVERSIZE BRIEF; AND**<br><br>**ORDER VACATING HEARING** |

The government filed an ex parte motion to stay the forfeiture proceedings (Docket no. 19), arguing that they were related to a criminal investigation or proceeding, and that civil discovery would adversely affect that. In response, Claimant Thomas Yankle said he was withdrawing discovery requests, which mooted the need for a stay. The government did not seek leave to reply to Yankle's withdrawal, and the Court accepts that withdrawal of the production requests has mooted the need for a stay. The motion for a stay is therefore **DENIED WITHOUT PREJUDICE**. If the government believes a stay is still needed, it may renew the request.

/ / /

Yankle has filed three motions: one to suppress evidence seized pursuant to a federal search warrant (Docket no. 22), one to suppress evidence seized pursuant to a state search warrant (Docket no. 23), and one for summary judgment. The United States opposed all three. Yankle has now filed reply briefs. The reply brief pertaining to the federal warrant substantially exceeds the ten-page limit for reply briefs.[1] *See* Civil Local Rule 7.1(h). He has also filed a motion for leave to file the oversized reply brief, as well as a motion to supplement the record. The motion to exceed page length doesn't identify which of the three reply briefs it's talking about. Logically, it should refer to the one that's over-length, *i.e.*, the brief concerning the federal warrant. But that brief addresses evidence that didn't exist until after the federal warrant was issued, so it's not clear whether it's referring to the summary judgment motion, or the motion pertaining to the state warrant.  The motion to expand the record anticipates that the government will want to file a response.

Ordinarily, arguments not raised in the opening brief are waived. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).  This means the movant must make his chief arguments in his opening brief, and nonmoving parties must make their arguments in their opposition brief. A reply brief allows the movant an opportunity to respond to arguments raised in the opposition. Here, however, Yankle concedes he has raised new arguments in his reply brief, and he wants to introduce and have the Court consider newly-obtained evidence.

Expanding the three motions at this late stage to raise substantial new issues would be unwieldy and unnecessarily complicate and delay proceedings. The *ex parte* requests to file an oversized reply brief, and to expand the record (Docket nos. 36, 37) are **DENIED**. Yankle has two options. If he wishes, he may withdraw his pending motions and file amended versions of those motions, relying on the new evidence and arguments. Amended motions should be filed no later than **July 10, 2015**, and must comply with applicable page

---

[1] The motion does not say which reply brief it pertains to, but presumably it refers to the longest one (Docket no. 33), which pertains to the motion to suppress evidence seized pursuant to the federal search warrant. At 32 pages (of which 26 pages are filled with argument), that brief exceeds even the page limits for an opening brief. An additional 204 pages are attached as exhibits.

limits. If he chooses to file amended motions, he must also promptly move to amend the scheduling order in order to continue the final pretrial conference, which is on calendar for July 6, 2015. Or, if he decides not to rely on the new evidence and arguments and wishes to waive those arguments, he may leave the motions pending, and the Court will rule on the motions in due course.

The reply brief Yankle filed (Docket no. 33) is **REJECTED** and the Clerk is directed to remove it from the docket. Yankle may file an amended reply brief pertaining to the same motion, subject to regular page limits, by **June 16, 2015**.

The hearing on Yankle's three motions (Docket nos. 22, 23, and 24), currently on calendar for June 15, 2015 at 11:15 a.m., is **VACATED**.

**IT IS SO ORDERED**.

DATED: June 11, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge