# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br><br>$20,000 IN U.S. CURRENCY,<br><br>　　　　Defendant. | CASE NO. 14cv1341-LAB (JLB)<br><br>**ORDER DENYING *EX PARTE* MOTION FOR LEAVE TO FILE OVERSIZED REPLY BRIEF; AND**<br><br>**ORDER REQUIRING NOTIFICATION OF STATUS OF CHARGES** |

　　　Claimant Thomas Yankle filed a motion for summary judgment and an amended motion to suppress evidence. In opposition to the amended motion to suppress, the government filed an over-length opposition brief. Yankle now seeks leave to file an over-length reply brief to address all the issues raised in the opposition.

　　　This is not the first time the Court has had to deal with over-length briefing in this case. Earlier, the Court denied Yankle leave to file a substantially over-length reply to the government's opposition to his motion to suppress. (*See* Docket no. 38.) The parties have overestimated the complexity of this case, and have underestimated the Court's competence to understand the issues. The issues are not nearly as complex or difficult to understand as the parties think.

　　　The Court has reviewed the government's opposition brief. It is unnecessarily lengthy. For example, a great deal of the brief is taken up with reciting the case history or facts that are not in dispute, and that are also covered in the motion for summary judgment. It also

provides thorough explanations of simple concepts. By way of example, over a full page is devoted to explaining how an inspector had a hard time telling whether an illegibly-written return address was for "Stank Properties" or "Stark Properties," and how this made it difficult to find out if the business was real or a front. Both parties have also spent undue effort briefing supposedly disputed issues that are either settled law or that do not alter the outcome.

The Court can discern the difference between a substantial argument and one that is merely lengthy, and between material and immaterial facts. Counsel should be able to do the same. The Court has previously admonished both counsel to avoid needlessly expending time and effort on insignificant aspects of a dispute, *see United States v. $28,000 in U.S. Currency*, 2013 WL 525648, at *4 (S.D. Cal., Feb. 11, 2013), and now reminds them of that admonition.

The application to file an oversized brief is **DENIED**. Yankle may file his reply brief, as permitted by local rules, by **August 10, 2015**. The hearing currently on calendar for August 17, 2015 at 11:15 a.m. will remain on calendar, and the parties should not assume it will be vacated.

The Court notes that charges were filed against Yankle in state court. Yankle's counsel must, no later than **August 11, 2015**, file a notice telling the Court of any criminal charges brought against Yankle that are connected in any way with either of the warrants he challenges. A copy of the dockets in any such cases against him must be attached to the notice. The notice must state whether the validity of the state-issued warrant was ever litigated in those cases. And it must say whether, as the result of any disposition or outcome of any criminal charges against him, Yankle waived his right to claim the Defendant currency or contest its forfeiture.

**IT IS SO ORDERED**.

DATED: August 5, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge