# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 14cv1341-LAB (JLB) |
|---|---|
| Plaintiff, | **ORDER REJECTING JOINT MOTION FOR JUDGMENT OF FORFEITURE** |
| vs. | |
| $20,000 IN U.S. CURRENCY, | |
| Defendant. | |

After the Court issued a tentative ruling on Claimant Thomas Yankle's motion to suppress and motion for summary judgment, the parties appeared at the hearing on that motion and told the Court they had settled. The Court then issued an order (Docket no. 53) requiring the filing of a joint motion to dismiss, and holding its ruling on the motions in abeyance pending the filing of that joint motion. Because this is a forfeiture action, "dismissal" in that order referred to dismissal of Yankle's claim, not dismissal of the case.

The parties then filed a joint motion for entry of a judgment of forfeiture (Docket no. 54). The joint motion incorporates their settlement agreement, apparently contemplating that the Court will retain jurisdiction to entertain disputes arising under it.

The Court cannot enter a judgment of forfeiture merely because one claimant and the government jointly request it. It must also be clear there are no other potential claimants who might contest the forfeiture. It does not appear that the United States has provided notice to other potential claimants as required under Fed. R. Civ. P. Supplemental Rule G(4)(a)(iv)

— or, if it has, that it has filed proof that the required notice was given. *See United States v. $191,910.00*, 16 F.3d 1051, 1069 (9th Cir. 1994) (explaining that, because civil forfeiture is a "harsh and oppressive procedure which is not favored by the courts," the government carries the burden of demonstrating its strict adherence to procedural rules), *superseded by statute on other grounds*.

In addition, the Court will not retain jurisdiction to interpret and enforce the terms of the parties' settlement agreement. *See* Standing Order, ¶ 3(a). That is particularly true here, where the settlement agreement contemplates division of funds the United States does not yet own.

The joint motion is **REJECTED**. The parties may, by **September 14, 2015**, file a joint motion to dismiss Yankle's claim. The joint motion may mention the fact of their settlement or the terms of their settlement agreement, but it should not contemplate that the Court will retain jurisdiction to interpret or enforce the terms of the settlement agreement. *See* Standing Order, ¶ 3(a). Whenever it is ready to do so, the United States may then move for a judgment of forfeiture. Assuming forfeiture is granted, the parties can carry out the terms of their settlement agreement.

If the parties do not file a joint motion by September 14, the Court will rule on Yankle's two pending motions.

**IT IS SO ORDERED**.

DATED: August 30, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge